# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MARINA GALIOT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 17 C 4739** |
| v. | ) | |
| | ) | **Magistrate Judge Sidney I. Schenkier** |
| MIDWEST TENNIS PROGRAMS, LLC, | ) | |
| f/k/a FRANK SACKS TENNIS CAMPS, | ) | |
| INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>[1]

Plaintiff Marina Galiot brought this suit against defendant Midwest Tennis Programs, LLC ("Midwest"), which Ms. Galiot asserts was formerly known as Frank Sacks Tennis Camps, Inc. ("FSTC") (doc. # 1: Compl.). Ms. Galiot contends that Midwest has failed to pay back pay and other amounts Ms. Galiot is owed pursuant to a final order of the Secretary of the United States Department of Labor ("DOL") arising out of her employment with FSTC (*Id.*, at ¶¶ 1, 15-17). Midwest has filed a motion to dismiss Ms. Galiot's complaint under Federal Rule of Civil Procedure 12(b)(7), asserting that plaintiff failed to join a required party under Rule 19 (doc. # 10). The motion is now fully briefed. For the reasons that follow, we deny Midwest's motion.

### I.

For purposes of a Rule 12(b)(7) motion to dismiss for failure to join a party under Rule 19, the Court must accept plaintiff's allegations as true and draw all reasonable inferences in her favor. *Nanko Shipping, USA v. Alcoa, Inc.*, 850 F.3d 461, 465 (D.C. Cir. 2017). In addition, the Court "may consider matters outside of the pleadings to resolve factual questions pertaining to

---

[1]On September 27, 2017, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to this Court for all proceedings, including entry of final judgment (doc. # 21).

jurisdiction, process, or indispensable parties." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016). We "resolve[] any conflicts . . . in favor of the plaintiff." *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 483 (7th Cir. 2001) (internal quotations and citations omitted). According to these rules, we set forth the relevant facts in this case below.

FSTC was incorporated on November 18, 1998 (Def.'s Mot., Ex. B: Ill. Sec. of State Corp. File Detail Report for FSTC). Franklin A. Sacks was FSTC's agent and president, with an address at 6555 Drake Avenue in Lincolnwood, Illinois (*Id.*). Ms. Galiot began working for FSTC in November 2007 (Compl., at ¶ 6), and her last date of productive employment with FSTC was on December 5, 2008 (*Id.*, at ¶ 11).

Subsequently, Ms. Galiot filed a complaint with the DOL alleging, in relevant part, that FSTC failed to pay her certain amounts to which she was entitled (Compl., at ¶ 14). On August 25, 2011, after proceedings including an evidentiary hearing, an Administrative Law Judge ("ALJ") issued a decision and order finding in plaintiff's favor and ordering FSTC to pay her back pay for the period from October 1, 2008 to February 5, 2010, plus interest (*Id.*, at ¶ 15).

Thereafter, on December 17, 2011, Midwest was created as a limited liability company (Def.'s Mot., Ex. A: Ill. Sec. of State Corp. File Detail Report for Midwest). Its agent was listed as Mari-Kathleen S. Zaraza, located at 500 Davis Street, Suite 512, in Evanston, Illinois (*Id.*). Midwest has one manager: Frank Sacks, located at 6555 North Drake in Lincolnwood, Illinois (doc. # 30: Pl.'s Resp., Ex. A: Ill. Sec. of State Corp. File Detail Report for Midwest's Managers).

FSTC appealed the ALJ's decision. On January 9, 2012, the Administrative Review Board ruled on FSTC's appeal, finding in favor of plaintiff and assessing back wages against FSTC in the amount of $49,006.72, plus interest (Compl., at ¶ 16). On February 21, 2012, the

DOL sent a letter to Frank Sacks, as President of FSTC, at 6555 Drake Avenue in Lincolnwood, Illinois, explaining that the Review Board's order became final and unappealable on February 9, 2012 (Compl., Ex. B).

A little less than two months later, on April 13, 2012, FSTC was subject to an "involuntary dissolution" (Pl.'s Resp., Ex. A: Ill. Sec. of State Corp. File Detail Report for FSTC). Ms. Galiot alleges that:

> During the course of these proceedings, FSTC reorganized as Midwest. Midwest operated the same business with same personnel at the same location as FSTC. FSTC engaged in this reorganization solely to avoid its obligations to pay Galiot. Accordingly, under applicable law, as a matter of law Midwest is a successor in interest to FSTC, and it is legally responsible for FSTC's obligations to Galiot under the final award by the Secretary of Labor.

(Compl., at ¶ 18). FSTC did not pay Ms. Galiot any portion of the amount owed (*Id.*, at ¶ 17). Ms. Galiot has demanded payment from Midwest, but Midwest has refused to pay any portion of the amount due under the DOL's order (*Id.*, at ¶ 19).

## II.

Midwest alleges that the complaint should be dismissed because plaintiff has failed to join FSTC as a party to the lawsuit (Def.'s Mot. at 1). Rule 19(a)(1) states that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The party moving for joinder has the burden to demonstrate that the court should join the absent party if feasible. *CXA Corp. v. Am. Family Ins. Co.*, No. 15 C 11412, 2016 WL 6582577, at *2 (N.D. Ill. Nov. 7, 2016).

Below, we address the three issues relevant to whether FSTC is a required party under Rule 19(a): (1) whether complete relief can be accorded to Ms. Galiot and Midwest without joinder, (2) whether FSTC's ability to protect its interest will be impaired without joinder, and (3) whether the existing parties will be subjected to a substantial risk of multiple or inconsistent obligations if FSTC is not joined.[2]

### A.

Midwest argues that the Court cannot accord complete relief among the existing parties without joining FSTC because discovery "likely" will show that FSTC is "the sole party responsible for the Department of Labor award" (Def.'s Mot. at 3). However, that argument is a non-starter, as it ignores that "the term complete relief refers only to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Davis*, 268 F.3d at 484 (citation and internal quotation marks omitted).

Ms. Galiot's complaint alleges that Midwest is a "successor in interest" to FSTC and "legally responsible" for FSTC's obligations to Ms. Galiot pursuant to the DOL judgment (Compl., at ¶ 18). Liability may be imposed upon successors in situations where the successor had notice of a claim against its predecessor and there was substantial continuity in the operation of the business. *Tsareff v. ManWeb Servs., Inc.*, 794 F.3d 841, 845 (7th Cir. 2015). In her complaint, Ms. Galiot alleges that Midwest was formed so that FSTC could avoid paying the DOL judgment; that Frank Sacks was president of FSTC and is now the sole manager of Midwest; and that Midwest shares the same business, personnel and location that FSTC used. The adjudication of that claim will allow the Court to "accord complete relief" among the parties. If plaintiff fails to establish successor liability, then Midwest will prevail; if she proves

---

[2]Because we find FSTC is not an entity whose joinder is required if feasible, we need not address the factors set forth in Rule 19(b) that a court considers if joinder of a required party is not feasible.

successor liability, then plaintiff will prevail unless Midwest is able to establish some other defense to enforcement of the DOL judgment.[3] The presence of FSTC as a party is not required to achieve either outcome.

Midwest also contends that the Court should dismiss the complaint because "[i]t is inappropriate at this juncture to simply assume the merits of the allegations" as to Midwest's successor liability and the enforceability of FSTC's debt (Def.'s Reply at 1-2). Midwest essentially asks the Court to assume that plaintiff will not be able to prove the allegations in her complaint. This, of course, we will not do. *Cheese Depot, Inc. v. Sirob Imports, Inc.*, No. 14-CV-1727, 2016 WL 6804561, at *3 (N.D. Ill. Nov. 17, 2016) (explaining that the court would not accept the defendant's position, which was contrary to the allegations of the complaint). As we explained above, the Court must accept the plaintiff's allegations as true for present purposes and draw any competing inferences in favor of the plaintiff. *See also Davis*, 268 F.3d at 479 n.2. And, we repeat, FSTC's presence as a party is not required in order for an adjudication of whether plaintiff can prove what she has alleged.

### B.

Midwest also contends that disposing of this lawsuit in FSTC's absence would impair or impede FSTC's ability to protect its interest because FSTC may be required to answer discovery requests (Def.'s Mot. at 2-3; doc. # 32: Def.'s Reply at 2-3). However, Midwest fails to explain how responding to discovery requests would impede or impair FSTC's ability to protect its interests in this lawsuit. Moreover, to the extent that FSTC (dissolved for more than five years) has the ability to respond to discovery, it will be required to do so whether a party (subject to

---

[3] Midwest has filed an answer in which it asserts the affirmative defenses of laches and waiver. We express no view as to the merits of either defense.

5

discovery requests under Rules 30, 33 and 34, for example) or a non-party (subject to discovery requests pursuant to a Rule 45 subpoena).

In any event, we note that "under Rule 19(a) it is the absent party that typically must claim such an interest" relating to the subject matter of the lawsuit. *Davis*, 268 F.3d at 483. In this case, Ms. Galiot is not trying to impose liability on FSTC in its absence. Rather, FSTC is dissolved, and Ms. Galiot alleges that Midwest is FSTC's successor in interest. Certainly, FSTC knows of Ms. Galiot's suit against Midwest, as well as of the DOL judgment against FSTC: Frank Sacks was the president and registered agent of FSTC, and he is the sole manager of Midwest. If FSTC determined that its ability to protect its interests was impaired or impeded by not being a party to plaintiff's lawsuit, FSTC could seek to intervene under Rule 24.[4]

## C.

Midwest also argues that adjudicating this case in the absence of FSTC would leave Midwest subject to a substantial risk of incurring inconsistent obligations (Def.'s Mot. at 1-3). Midwest asserts that this risk exists because it could be held liable for FSTC's debt, "an unrelated corporate entity" against which the DOL entered judgment (*Id.*; Def.'s Reply at 3). We disagree that this result would constitute or create any "inconsistent" obligation. Rather, it would simply mean that plaintiff prevails on her successor liability claim, and on her claim that Midwest is responsible for the DOL judgment imposed on FSTC.

---

[4]There also is a serious question (unaddressed by the parties) about whether FSTC has an interest in connection with the DOL judgment that remains to be protected. At the time FSTC was dissolved in April 2012, the Illinois statute for survival of remedy after dissolution stated that: "[t]he dissolution of a corporation . . . shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution." 805 ILCS 5/12.80 (West 2006). In 2015, this statute was broadened to include "any right or claim existing, or any liability accrued or incurred, either prior to, at the time of, or after such dissolution . . ." 805 Ill. Comp. Stat. Ann. 5/12.80 (West 2015). FSTC was dissolved on April 13, 2012, but Ms. Galiot did not file suit until June 23, 2017, more than two months after the five year deadline for suing a dissolved corporation, and it is now November 2017, even further from the five year mark.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is denied (doc. # 10).

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATE: November 20, 2017**